UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>CELSIUS NETWORK, LLC and ALEXANDER MASHINSKY,<br><br>    Defendants. | Case No. 1:23-cv-6008 |

**CONSENT ORDER OF PERMANENT INJUNCTION
AGAINST DEFENDANT CELSIUS NETWORK, LLC**

On July 13, 2023, Plaintiff Commodity Futures Trading Commission (the "Commission") filed a four count Complaint against Celsius Network, LLC, ("Celsius") and Alexander Mashinsky ("Mashinsky") seeking a civil monetary penalty, and injunctive and other relief for violations of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. §§ 1-26 and Regulations promulgated thereunder, 17 C.F.R. pts. 1-190 (2022).

**I.**

**CONSENT AND AGREEMENT**

In order to dispose of all the allegations and issues raised in the Complaint and effect a full and final settlement of any alleged violation of the Act or Regulations referenced above without a trial on the merits or any further judicial proceedings, Celsius, without admitting or denying any of the allegations of the Complaint:

1. Consents to the entry of this Consent Order of Permanent Injunction Against Defendant Celsius Network, LLC. ("Order");

2. Affirms that Celsius has read and agreed to this Order voluntarily, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein;

3. Acknowledges service of the summons, Complaint and this Order;

4. Admits jurisdiction of this Court over it and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13-a 1;

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act;

6. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13-a 1;

7. Waives:

   a) all claims which it may possess under the Equal Access to Justice Act, 5 U.S.C §504 and 28 U.S.C. §2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2022), relating to, or arising from, this action;

   b) Any and all claims that it may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74 (codified as

      amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

  c) any claim of double jeopardy based on the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

  d) Any and all rights of appeal from this Order;

  8. Agrees that the Commission is the prevailing party in this action for purposes of the waiver of any and all rights under the Equal Access to Justice Act and the Small Business Regulatory Enforcement Act of 1996 specified in Paragraph 7;

  9. Consents to the continued jurisdiction of this Court over it for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action;

  10. Agrees that it will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

  11. Agrees that neither it nor any of its agents or employees under its authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect Defendant's and/or its agents' and/or employees': (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission not a party. Defendant shall comply

with this agreement, and shall undertake all steps necessary to ensure that all of its agents and/or employees under its authority or control understand and comply with this agreement.

12. Consents to the entry of this Consent Order without admitting or denying the allegations of the Complaint, except as to jurisdiction and venue, which it admits; and

13. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant in any other proceeding.

## II.

## PERMANENT INJUNCTION

Pursuant to 7 U.S.C. § 13a-1, Celsius is permanently restrained, enjoined and prohibited from directly or indirectly engaging in conduct in violation of Sections 4k(2), 4m(1), 4o(1)(A)-(B), and 6(c)(1) of the Act, 7 U.S.C. §§ 6k(2), 6m(1), 6o(1)(A)-(B), 9(1), and Regulations 4.21(a)(1) and 180.1(a)(1)-(3), 17 C.F.R. §§ 4.21(a)(1), 180.1(a)(1)-(3) (2022).

## III.

## MISCELLANEOUS PROVISIONS

A. <u>AMENDMENTS AND SEVERABILITY.</u> Nothing shall serve to amend or modify this Order in any respect whatsoever, unless: (i) reduced in writing; (ii) signed by all parties; and (iii) approved by order of the Court. If any provision of this Order or the application of any provision or circumstances is held invalid, the remainder of this Order shall not be affected by the holding.

B. <u>SUCCESSORS AND ASSIGNS.</u> This Order shall be binding on Celsius and any Celsius company which is presently a debtor-in-possession participating in Bankruptcy

Case No.22-10964 (MG) before the United States Bankruptcy Court, Southern District of New York.

      C.      <u>JURISDICTION.</u> This Court shall retain jurisdiction of this matter to ensure compliance with this Order and for all other purposes related to this action, provided however, that nothing in this Order affects the exclusive jurisdiction of the Bankruptcy Court, Southern District of New York, with respect to matters related to the administration of the Celsius bankruptcy estate, including determination of the priority of distribution on any claims, as defined in section 101(5) of the Bankruptcy Code, arising from this Order.

      D.      <u>COOPERATION.</u> Celsius shall cooperate fully with the Commission in this proceeding and in any investigation, litigation or any proceeding commenced by the Commission related to this proceeding by, among other things: (a) responding promptly, completely, and truthfully to any inquiries or requests for information; (b) authenticating documents; and (c) testifying completely and truthfully.

      E.      <u>INADMISSIBLE IN OTHER PROCEEDINGS</u>. Except with respect to a proceeding brought by the Commission, this Order is for purposes of this proceeding only and shall not be admissible as evidence in any form or for any purpose in any judicial or administrative proceeding other than to enforce its terms; provided that Celsius does not consent to the use of this Order as the sole basis for any proceeding brought by the Commission other than a proceeding brought to enforce the terms of this Order and provided further that, nothing in this Order shall be construed to confer any rights on any third parties or inure to the benefit of any third parties.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction Against Defendant Celsius.

CONSENTED TO BY:

*Jonah C. McCarthy*

Jonah McCarthy
Jason Gizzarelli
Traci Rodriguez
Paul Hayeck
Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5395

Date: __July 12, 2023__

Mark Filip
Asheesh Goel
Zachary S. Brez
Robert W. Allen
Allison Lullo
Kirkland & Ellis, LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212)390-4060

Date: __July 14, 2023__

Done and Ordered this 17th day of July, 2023.

Edgardo Ramos, U.S.D.J.
United States District Court Judge