UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CELSIUS NETWORK, LLC and ALEXANDER MASHINSKY,<br><br>Defendants. | Case No.  1:23-cv-06008-ER |

## CONSENT ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT ALEXANDER MASHINSKY AND ORDER DISMISSING COUNTS II, III, AND IV OF THE COMPLAINT

## I.    INTRODUCTION

On July 13, 2023, Plaintiff Commodity Futures Trading Commission (the "Commission") filed a Complaint (the "Complaint") against Defendants Celsius Network, LLC, and Alexander Mashinsky ("Defendant" or "Mashinky") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of Sections 4k(2), 4m(1), 4o(1)(A)–(B), and 6(c)(1) of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 6k(2), 6m(1), 6o(1)(A)–(B), 9(1), and Commission Regulations ("Regulations") 4.21(a)(1) and 180.1(a)(1)–(3), 17 C.F.R. §§ 4.21(a)(1), 180.1(a)(1)–(3) (2025).  (Dkt. 1).  On July 17, 2023, this Court signed a consent order of permanent injunction against Defendant Celsius Network, LLC, (Dkt. 11), leaving Mashinsky as the only remaining defendant.  The United States Attorney's Office for the Southern District of New York filed a related criminal action against Mashinsky on July 11, 2023.  *See* Indictment, *United States v. Alexander Mashinsky*, Case no. 1:23-cr-00347-JGK

(S.D.N.Y. July 11, 2023), ECF No. 1 (the "Criminal Action"). On December 3, 2024, Mashinsky pled guilty to one count of commodities fraud and one count of securities fraud. ECF No. 112. On May 12, 20025 Mashinsky was sentenced to twelve years in prison for his violations. ECF No. 158.

## II.    CONSENTS AND AGREEMENTS

To effect settlement of all claims alleged in the Complaint against Defendant without a trial on the merits or any further judicial proceedings, Defendant:

1.    Consents to the entry of this Consent Order for Permanent Injunction and Other Equitable Relief Against Defendant Alexander Mashinsky and Order Dismissing Counts II, III, and IV of the Complaint ("Consent Order");

2.    Admits to violating Section 6(c)(1) of the Act, 7 U.S.C. § 9(1), and Section 180.1(a)(1)–(3) of the Regulations, 17 C.F.R. §180.1(a)(1)–(3) (2025), Count I.

3.    Affirms that Defendant has read and agreed to this Consent Order voluntarily, and that no other promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order;

4.    Acknowledges service of the summons and Complaint;

5.    Admits the jurisdiction of this Court over Defendant and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

6.    Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act;

7.    Admits that venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e);

8.    Agrees to the dismissal with prejudice of Counts II, III, and IV of the Complaint;

2

9.    Waives:

    a.  Any and all claims that Defendant may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2025), relating to, or arising from, this action;

    b.  Any and all claims that Defendant may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–53, 110 Stat. 847, 857-74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

    c.  Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

    d.  Any and all rights of appeal from this action.

10.    Agrees that the Commission is the prevailing party in this action for purposes of the waiver of any and all rights under the Equal Access to Justice Act, specified in subpart (a) of paragraph 9 above;

11.    Consents to the continued jurisdiction of this Court over Defendant for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Defendant now or in the future resides outside the jurisdiction of this Court;

12.    Agrees that Defendant will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

13.    Agrees that neither Defendant nor any of Defendant's agents or employees under Defendant's authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint, or creating or tending to create the impression that the Complaint is without a factual basis; provided, however, that nothing in this

3

provision shall affect Defendant's: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party. Defendant shall comply with this agreement, and shall undertake all steps necessary to ensure that all of Defendant's agents and employees under Defendant's authority or control understand and comply with this agreement;

14. Consents to the entry of this Consent Order without admitting or denying the allegations of the Complaint, except as to jurisdiction and venue, which Defendant admits;

15. Consents to the use of the allegations in the Complaint in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or claimant, and agrees that they shall be taken as true and correct and be given preclusive effect therein, without further proof;

16. Does not consent, however, to the use of the allegations in the Complaint as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party, other than a statutory disqualification proceeding; a proceeding in bankruptcy or receivership; or a proceeding to enforce the terms of this Consent Order; and

17. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant in any other proceeding.

## III.    PERMANENT INJUNCTION

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following permanent injunction and equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, as set forth herein.

4

**IT IS HEREBY ORDERED THAT:**

18. Defendant is permanently restrained, enjoined, and prohibited from directly or indirectly, in connection with any contract of sale of any commodity in interstate commerce, intentionally or recklessly:

    a. using or employing, or attempting to use or employ, any manipulative device, contrivance, scheme, or artifice to defraud;

    b. making or attempting to make an untrue or misleading statement of material fact or omitting to state a material fact necessary in order to make the statements made not untrue or misleading; or

    c. engaging, or attempting to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person;

in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1), and Regulation 180.1, 17 C.F.R. § 180.1 (2025).

19. Defendant shall be permanently restrained, enjoined, and prohibited after the date of entry of this Consent Order, from directly or indirectly:

    a. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2025);

    b. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2025));

    c. Having any commodity interests traded on Defendant's behalf;

    d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

    e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

    f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such

5

registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2025); and/or

g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2025)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. 4.14(a)(9) (2025).

## IV.    MISCELLANEOUS PROVISIONS

20.    To effect settlement of all charges in the Complaint, the parties agree and the Court directs that Counts II, III, and IV of the Complaint be dismissed with prejudice.

21.    Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

22.    Invalidation: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

23.    Waiver: The failure of any party to this Consent Order or of any customer at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision in this Consent Order.

24.    Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this

6

action, including any motion by Defendant to modify or for relief from the terms of this Consent Order.

25. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon the following persons who receive actual notice of this Consent Order, by personal service or otherwise: (1) Defendant; (2) any officer, agent, servant, employee, or attorney of Defendant; and (3) any other persons who are in active concert or participation with any persons described in subsections (1) and (2) above.

26. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

27. Contempt: Defendant understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceeding Defendant may not challenge the validity of this Consent Order.

28. Agreements and Undertakings: Defendant shall comply with all of the undertakings and agreements set forth in this Consent Order.

7

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this Consent Order for Permanent Injunction and Equitable Relief Against Defendant·Alexander Mashinsky and Order Dismissing Counts II, III, and IV of the Complaint, forthwith and without further notice.

DONE AND ORDERED on this __12th__ day of __June_____, 2026.

_____
The Honorable Edgardo Ramos
United States District Judge

CONSENTED TO AND APPROVED BY:

_____
Defendant·Alexander Mashinsky

Date:___3.5.2026_____

_____
Jason Gizzarelli (admitted *Pro Hac Vice*)
jgizzarelli@cftc.gov
Traci Rodriguez (admitted *Pro Hac Vice*)
trodriguez@cftc.gov
Devin Cain
dcain@cftc.gov
Paul G. Hayeck
phayeck@cftc.gov
Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20591
(202) 418-5000 (telephone)

Counsel for Plaintiff Commodity Futures Trading Commission

Date:___6/11/26_____

8